IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES FELLOWS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-1647-L-BN |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff James Fellows filed this *pro se* lawsuit asserting that his rights were violated by a September 2020 stop by a Celeste, Texas police officer. *See* Dkt. No. 3. Fellows also moves for leave to proceed *in forma pauperis* (IFP). *See* Dkt. No. 4. So United States District Judge Sam A. Lindsay referred Fellows's lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

Because Fellows's IFP application provides no financial information, the Court entered a Notice of Deficiency and Order Regarding Motion for Leave to Proceed *In Forma Pauperis* [Dkt. No. 6] (the NOD), offering Fellows an opportunity to cure this deficiency or to pay the filing fee and warning him that "[f]ailure to timely follow the directions in this order subjects this lawsuit to dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to follow a court order." *Id.* at 3-4.

Fellows responded to the NOD but neither paid the filing fee nor amended his

IFP application. Instead, he provided a copy of his military identification indicating that he is U.S. Army Retired and cited 28 U.S.C. § 1916, which allows for certain suits by seamen without prepayment of fees. *See* Dkt. No. 7.

Through this response, Fellows disregards a court order, preventing his lawsuit from proceeding. The undersigned therefore enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit without prejudice under Rule 41(b).

**Legal Standards**

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b) does not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S.

626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link,* 370 U.S. at 631)); *Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing, in turn, *Link*, 370 U.S. at 631))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, … a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the

result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

### Analysis

The IFP statute, 28 U.S.C. § 1915, "was designed to ensure that litigants would not be deprived of meaningful access to the federal judicial system due to their financial circumstances." *Bucklew v. St. Clair*, No. 3:18-cv-2117-N-BH, 2019 WL 2250886, at *2 (N.D. Tex. May 15, 2019) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *rec. accepted*, 2019 WL 2249718 (N.D. Tex. May 24, 2019).

But, to gain access, "[a] litigant seeking IFP status must submit an affidavit identifying all assets he possesses, as well as a statement that he is unable to pay the necessary fees of bringing a federal civil action." *Smith-Garcia v. Harrison Cnty.*, 776 F. App'x 226, 227 (5th Cir. 2019) (per curiam) (citing 28 U.S.C. § 1915(a)(1)).

Section 1916 provides a narrow exception to this requirement not remotely applicable to this lawsuit.

"Under 28 U.S.C. § 1916, a 'seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor.' *See Hernandez v. U.S. Lines, Inc.*, No. 99 CIV. 5201 (RWS), 1999 WL 1062463, at *2 (S.D.N.Y. Nov. 18, 1999) (noting that § 1916 'is but one of a number of specific privileges and heightened legal protections provided seamen under Federal law, and is the result of the special solicitude accorded seamen because of their exposure to the "perils of the sea"')." *Jackson v. United States*, No. 5:16-cv-392-Oc-39PRL, 2016 WL 10536993, at *1 (M.D. Fla. Sept. 21, 2016), *rec. adopted*, 2016 WL 10537595 (M.D. Fla. Dec. 16, 2016).

"Perhaps the prototypical § 1916 plaintiff is a vessel's crewman who files suit against the vessel and its owners for unpaid wages." *Id.* (citing *Araya v. McLelland*, 525 F.2d 1194, 1194 (5th Cir. 1976) ("Araya, a crewman aboard the M/V Gemini, instituted suit against the vessel and its owners for unpaid wages.")).

And "courts generally allow plaintiffs to proceed as seamen when they allege that some injury occurred while they worked on a seagoing vessel." *Id.* (collecting cases).

Fellows makes none of these allegations. And his frivolous response to the Court's order prevents this lawsuit from proceeding.

A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under

these circumstances. The undersigned concludes that lesser sanctions would be futile, as the Court is not required to delay the disposition of this case until such time as Fellows decides to obey the Court's order. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

But, if, during the time to object to these findings, conclusions, and recommendation (further explained below), Fellows decides to comply with the NOD by either paying the filing fee or filing a proper IFP application, the undersigned will withdraw this recommendation.

**Recommendation**

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 4, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE